THE BUDD COMPANY, RAILWAY DIVISION, PLAINTIFF *v.* THE UNITED STATES, DEFENDANT, NISSHO-IWAI AMERICAN CORPORATION AND KAWASAKI HEAVY INDUSTRIES, LTD., INTERVENORS, PARTIES-IN-INTEREST AND BREDA COSTRUZIONI FERROVIARIE, S.p.A., INTERVENOR, PARTY-IN-INTEREST

Court No. 80–3–00505

*Opinion and Order*

(Dated February 20, 1981)

*Barnes, Richardson & Colburn (Andrew P. Vance* and *Raymond F. Sullivan, Jr.* at the oral argument and on the briefs) for the plaintiff.

*Thomas S. Martin,* Acting Assistant Attorney General; *David M. Cohen,* Director, International Trade Field Office, Commercial Litigation Branch (*Francis J. Sailer* at the oral argument and on the briefs), for the defendant.

*Arent, Fox, Kintner, Plotkin & Kahn (Stephen L. Gibson* and *Evan R. Berlack* at the oral argument and on the briefs) for Nissho-Iwai American Corporation and Kawasaki Heavy Industries, Ltd., intervenors parties-in-interest.

*Bosco & Curry (Joseph A. Bosco* at the oral argument) for Breda Costruzioni Ferroviarie, S.p.A., intervenor party-in-interest.

Boe, Judge: The defendant, United States, has filed its motion for a rehearing of the order of this court on the cross-motions for summary judgment of the respective parties hereto made and entered on December 29, 1980 (Slip Op. 80–15) or, alternatively, for modification of this court's remand order under date of December 29, 1980, supra, to include a statement that a controlling question of law is involved as to which there is substantial ground for differences of opinion and that an immediate appeal from the court's order of remand may materially advance the ultimate determination of this litigation.

The court having considered the memorandum briefs submitted and pursuant to the request for oral argument made by the defendant, the United States, and supported by the intervenors, having heard the arguments of respective counsel has concluded and determined:

1. No controlling question of law nor argument has been presented in connection with the motion for rehearing which has not been previously advanced by the defendant and the intervenors in support of their respective cross-motions for summary judgment.

2. No controlling question of law as to which there is a substantial ground for differences of opinion exists. The court recognizes the disagreement on the part of the defendant and the intervenors with respect to its interpretation of the extent of the alleged burden of proof falling upon the plaintiff in connection with the preliminary determination by the International Trade Commission with respect to a reasonable indication of injury in the within proceedings. However, the gravamen of this court's decision lies in its order of remand and request to the International Trade Commission to supplement its findings of fact adopted in connection with its administrative determination in the above matter. In the judgment of the court a remand was required in order to discern a rational basis upon which the findings of the Commission were adopted.

In view of the fact that neither the findings of fact nor conclusions indicated whether the Commission had considered information relating to the importation of components and parts, included in the administrative record as well as such other information as would have been available at the time of the administrative investigation, the court has requested the Commission to consider such information and, if warranted, to supplement its findings and conclusions accordingly. Indeed, the matter of burden of proof, upon which the defendant and the intervenors predicate their alternative request for an immediate appeal, cannot be said to constitute herein a controlling

question of law. Nor in our opinion would an appeal from this court's prior opinion and order under date of December 29, 1980, supra, materially advance the ultimate determination of this litigation, now therefore, it is hereby ORDERED

1. That the motion for rehearing of the defendant and the intervenors be and is hereby denied.

2. It is further ORDERED that defendant's and the intervenors' alternative request to proceed by way of an immediate appeal be and is hereby denied, and

3. It is further ORDERED that the prior order of this court under date of January 14, 1981, staying the remand of the above-entitled action to the U.S. International Trade Commission pending consideration of a motion for rehearing be and is hereby vacated, and

4. It is further ORDERED that within a period of 30 days from and after the date of entry of this order the International Trade Commission shall supplement its present findings of fact by the adoption of such additional findings and resulting conclusions of law as may be warranted in conformity with the prior order of remand of this court under date of December 29, 1980.